[880 NYS2d 566]

# In the Matter of PERICLES TSAPOGAS, an Attorney, Resignor.

Second Department, June 23, 2009

## APPEARANCES OF COUNSEL

*Nicholas C. Cooper*, New York City, for resignor.

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts.

## OPINION OF THE COURT

Per Curiam.

Pericles Tsapogas has submitted an affidavit dated December 4, 2008, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Tsapogas was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 14, 1998.

Mr. Tsapogas avers that his resignation is submitted freely and voluntarily and with a full awareness of the implications of its submission. He acknowledges that he is not being subjected to coercion or duress and that the Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) is currently investigating 60 complaints of professional misconduct against him. Those complaints involve Mr. Tsapogas' bills for legal services performed in relation to the reduction of the tax assessment on property that his clients own in New York City. It is alleged that he grossly overcharged these clients by basing his bills on a percentage of the reduction of the actual assessed value of the subject properties as opposed to a percentage of the reduced tax, as the clients believed they were responsible to pay.

Mr. Tsapogas acknowledges his inability to successfully defend himself on the merits against charges predicated upon the professional misconduct under investigation. He is fully aware that pursuant to Judiciary Law § 90 (6-a), the Court could order him to make restitution to and reimburse the Lawyers' Fund for Client Protection for any willfully misappropriated or misapplied money or property incurred in his practice of law.

The Grievance Committee notes that there are currently 60 pending complaints against Mr. Tsapogas, but there are no pending claims against him with the Lawyers' Fund for Client Protection. The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the resignation complies with the substance of 22 NYCRR 691.9, and in the interest of immediately removing Mr. Tsapogas from the active roll of attorneys and thereby avoiding potential additional complaints, the resignation is accepted and, effective immediately, Pericles Tsapogas is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SKELOS, JJ., concur.

Ordered that the resignation of Pericles Tsapogas is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Pericles Tsapogas is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Pericles Tsapogas shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Pericles Tsapogas is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Pericles Tsapogas has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).